Filed 2/21/23 P. v. Serrano CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GILBERT ISRAEL SERRANO,<br><br>    Defendant and Appellant. | B310169 consolidated with B319180<br><br>(Los Angeles County Super. Ct. No. BA176519) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Ronald S. Coen, Judge. Affirmed.

Catherine White, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Michael R. Johnsen and Theresa A. Patterson, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

In 1999, a jury convicted appellant Gilbert Serrano of battery, false imprisonment, and unlicensed practice of dentistry. He was sentenced to 60 years to life in prison. We affirmed his conviction on appeal.

In 2020, the District Attorney of Los Angeles County (the People) recommended that the superior court recall appellant's sentence and resentence him pursuant to former Penal Code section 1170, subdivision (d)(1).[1] The court declined to recall the sentence and summarily denied appellant's motion for reconsideration.

Appellant appealed in December 2020. While the appeal was pending, Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Assembly Bill No. 1540) was signed into law in October 2021 and became effective on January 1, 2022. (Stats. 2021, ch. 719.) The bill moved the recall and resentencing provisions of section 1170, subdivision (d)(1) to a new section, 1170.03, and revised its terms.[2]

We granted appellant's unopposed request to stay the appeal and remand the matter to the superior court for reconsideration of the People's petition for resentencing in light of former section 1170.03. On remand, the superior court recalled appellant's sentence and resentenced him to 25 years to life.

Appellant filed a new appeal in March 2022 from the resentencing. We vacated the stay in the 2020 appeal and

_____

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] Effective June 30, 2022, section 1170.03 was renumbered section 1172.1, with no change in text. (Stats. 2022, ch. 58, § 10.)

consolidated the 2020 and 2022 appeals for purposes of oral argument and decision.  In the 2022 appeal, appellant's counsel filed an opening brief that raised no issues and requested independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Appellant filed a supplemental brief.

We find that the 2020 appeal is moot, as the superior court granted appellant's request to recall his sentence and resentence him pursuant to the changes in the sentencing laws.  With respect to the 2022 appeal, we find that appellant has not demonstrated reversible error.  We therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### I.    *Conviction*

The underlying facts are discussed in detail in our prior nonpublished opinion, *People v. Serrano* (June 28, 2000, B132400).  We briefly summarize them here.  Victim M.C. visited appellant's dentistry practice for treatment in September 1997.  Although he was not a licensed dentist, appellant gave M.C. anesthesia and performed dental work on her.  He also led her to a back office and kissed her several times against her will and while she was under the effects of the medication.  M.C. suffered serious injuries to her teeth and jaw as a result of appellant's dental work.

A jury convicted appellant of battery causing serious bodily injury (§ 243, subd. (d); count one); false imprisonment (§ 236; count two); and misdemeanor unlicensed practice of dentistry (Bus. & Prof. Code, § 1701, subd. (f); count three).  As to count one, the jury found true the allegation that appellant personally inflicted great bodily injury (§ 12022.7).  Appellant admitted that

3

he had been convicted of two prior strike felonies (§§ 667, subds. (a)-(i), 1170.12, subds. (a)-(d)).

The superior court sentenced appellant to a total of 60 years to life in prison, as follows: 25 years to life on count one; a consecutive term of 25 years to life on count two, plus ten years for the two prior strike convictions (§ 667, subd. (a)(1)); and a concurrent term of six months in county jail on count three. The court stayed the three-year sentence for the section 12022.7 enhancement on count one.

Appellant appealed. We affirmed his convictions in our prior opinion.

## II. *Request for Resentencing and Second Appeal*

In August 2020, the People filed a petition recommending that the superior court recall the case and resentence appellant pursuant to former section 1170, subdivision (d)(1). The petition summarized the facts of the case, noted that appellant had not had any "significant violations of prison rules or misconduct" while in prison, and cited to a 2019 letter from the victim stating her belief that appellant's sentence was excessive.[3] Accordingly, the People requested that appellant's sentence "be recomputed and a strike struck, qualifying him for a time served sentence" of 14 years and 10 months.

On August 27, 2020, the court issued a written order denying the petition to recall the case and resentence appellant. The court found that it lacked the authority under former section 1170, subdivision (d) to modify the judgment by dismissing a prior conviction. In addition, the court found that the People's

---

[3] In later proceedings, the People suggested that this letter appeared to have been forged.

petition did not demonstrate that resentencing would be in the interests of justice.

In October 2020, appellant filed a motion for reconsideration. He requested the ability to present additional evidence in support of resentencing. The court summarily denied the motion for reconsideration without a hearing.

Appellant appealed the denial of the petition for resentencing in December 2020. On appeal, he argued that the superior court abused its discretion in finding it did not have the authority to recall the case and resentence appellant as recommended by the People. He also contended that the court denied him due process in denying both the petition and the motion for reconsideration without a hearing or the opportunity to submit additional evidence.

While appellant's 2020 appeal was pending, the Governor signed into law Assembly Bill No. 1540, which relocated the recall and resentencing provisions of section 1170, subdivision (d)(1) to a new section, 1170.03, and revised its terms. Section 1172.1 (formerly section 1170.03) required trial courts to apply ameliorative changes in the law when considering recalling and resentencing (§1172.1, subd. (a)(2)); required notice to the defendant and appointment of defense counsel (§ 1172.1, subd. (b)(1)); and set forth a presumption favoring recall absent a showing that the defendant was an unreasonable risk of danger to public safety (§ 1172.1, subd. (b)(2)).

In its brief on appeal, respondent agreed that remand for reconsideration of the petition was appropriate due to the change in law. Appellant subsequently filed a motion seeking a temporary stay of the appeal and a limited remand for the purpose of reconsideration of the petition for recall and

5

resentencing pursuant to former section 1170.03.  We granted that motion in December 2021, and remanded the case.

III.    *Resentencing and Third Appeal*

On remand, the superior court appointed counsel for appellant and set a status conference to determine whether to recall appellant's sentence.  The court further allowed the parties to file "any documentation, briefs, etc. that reflect on a decision to recall and resentence" appellant.  At a February 7, 2022 status conference, on the motion of the People, the court dismissed the section 12022.7 great bodily injury enhancement.  The court recalled appellant's sentence and set the matter for hearing.

The court held a resentencing hearing on February 22, 2022, at which appellant and his counsel appeared.  The court indicated it had read and considered the papers submitted, including the People's original petition, the People's supplemental brief in support of resentencing, appellant's motion joining the People's petition, appellant's supporting documents, and his supplemental motion.  The prosecutor noted that the 2019 letter from the victim "appears to have been forged, and it's my belief, based on the information available to me, that Mr. Serrano was complicit in the preparation and in filing the forged document."  He also stated that appellant's prison record was "excellent," including "personal development and positive programming that reflects well on him."  As a result, the People presented three options to the court for resentencing—the original recommendation of 14 years and 10 months, a middle option of 19 years and 10 months, and a high option of 25 years to life.  Appellant's counsel did not contend that the victim's letter was valid, but argued that the People continued to recommend resentencing even though the letter was "highly suspect."

6

The court granted the petition and resentenced appellant to 25 years to life. Specifically, the court imposed a term of 25 years to life on count one, a concurrent upper term of three years on count two, doubled to six years for the prior strike (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), and a concurrent term of six months in county jail on count three. The court found good cause based on appellant's positive prison record to strike the prior serious felony enhancements under section 667, subdivision (a)(1). Appellant timely appealed from the resentencing.

On appeal, appellant's appointed counsel filed a brief requesting that we independently review the record for error. (*Wende, supra,* 25 Cal.3d at p. 441.) We directed counsel to send the record and a copy of the brief to appellant, and notified appellant of his right to respond within 30 days. Appellant filed a supplemental letter brief with exhibits on October 7, 2022.

## DISCUSSION

Appellant's appointed counsel requested that we independently review the record for error pursuant to *Wende, supra*, 25 Cal.3d 436. As this is an appeal from a motion for postjudgment relief, not a first appeal as a matter of right, appellant is not entitled to *Wende* review. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 226; see also *People v. Cole* (2020) 52 Cal.App.5th 1023, 1028, review granted Oct. 14, 2020, S264278 (*Cole*) ["*Wende's* constitutional underpinnings do not apply to appeals from the denial of postconviction relief"].) If the appellant timely files a supplemental brief, however, we are obliged to evaluate any arguments presented in that brief. (*Cole, supra,* 52 Cal.App.5th at p. 1028.)

Accordingly, we decline to conduct an independent review of the record and turn to the arguments raised by appellant in his

7

supplemental brief. Here, appellant has not set forth any arguments pertaining to his resentencing. Instead, he contends that he was wrongfully convicted and thus that the court erred in resentencing him to 25 years to life for crimes he did not commit. Appellant's challenge to his conviction is unrelated to the resentencing order from which he appeals and, therefore, is not properly before us.

We find that appellant's 2020 appeal is moot, as the superior court granted the relief requested in recalling appellant's sentence and resentencing him. With respect to appellant's 2022 appeal, he has failed to establish any basis for error in the court's resentencing order.

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

COLLINS, ACTING P.J.

CURREY, J.

STONE, J. *

_____

* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8